is 162584, Garmin International v. ITC. Just for clarification, my understanding is this is the Modified Order Appeal. Right? This is the Modified Order Appeal? Exactly. So, there seems to be, at the outset, a dispute as to whether modification in fact changed what Garmin was allowed to import. In our view, it certainly did. The modification didn't address the redesign, right? The modification did not explicitly address the redesign, but because the Commission takes the view that, unlike their district court, where it simply says, our exclusion orders cover, quote, all covered products, therefore, the practical effect of it was that the redesign could no longer be imported if it was going to be kitted. And so, while it doesn't, on its face, address that, when you go to customs, what happens is, now, Garmin, after the modification, could not continue importing the redesign if it was going to kit those things, the redesign, and then sell the kit. How does the order prohibit that, since it doesn't say anything about the redesign? It says, and you can't, in essence, it says you can't import transducers that are going to be kitted. That are going to be what? Kitted. It doesn't say that. No. It says that you can't, the carve-out, there's a carve-out from the carve-out, if you will, that the carve-out from the carve-out says, the carve-out itself does not apply to things that are going to be combined. Can I, my understanding of this is, when we're looking, in the case we were looking at stand-alone transducers, and the Commission found, unless we've reversed it on appeal, those are okay. The carve-out, it seems to me, and I don't know, I'm looking at JA3, paragraph 4, is, it says, it continues to say, the provisions of this order shall not apply, and this is a new language that was added, to stand-alone products. For example, the transducer product that are imported and sold after importation as stand-alone products. That's what we were always talking about in terms of the stand-alone transducer. The only clarification the modification provides is that if there are stand-alone transducers that are imported, but not for the purpose of sale after deportation as stand-alone products, but for the purpose of kitting with the other products, those are covered by this order. That's what I read to be the limits of the modification, and I frankly don't see, unless you can tell me otherwise, what's the problem with that. I think the problem is a practical matter for Garmer, and the reason for the appeal was because what that meant on the ground was that the design-around product could no longer be imported for kitting. How does it say that? It hasn't addressed whether the design-around product infringes or doesn't infringe. No, but I think that this comes to, it says that any component that's, quote, covered. Where were we reading at? I think it's paragraph one, you know. Or you want to give me the appendix site instead of appendix two. It says that it's covered by one or more of the claims. You argued that the redesigns are not covered by the claims. And that issue hasn't been resolved. It has not yet been resolved. So how is it that this provision bars you from importing the redesign? It only bars you from importing the redesign if it's covered by the claims, an issue which hasn't been resolved. I think because of what it also says about certification. Can I ask you, were these amendments, were these changes made as a result of the modification? I'm looking at the modification order, and it talks about amendment to paragraph three. So is that what you're talking about, paragraph three? And then it talks about amendment to paragraph four. And it shows the red line of those paragraphs. So which paragraph are you saying interferes with the design around? We think, Your Honor, that in paragraph four, when it says the provisions of this order shall apply to components, for example, a transducer component, which will be imported or sold as part of a marine sonar imaging system covered by one or more of the claims, that's what is... So is it because it's beyond a transducer? If it was just the transducer, that would be okay, but because it says components and, for example, a transducer? Well, I think the practical issue was that the effect of this was that before this modification, Garmin was able to import the design around transducer and then combine that in the so-called kitting process and sell the resulting product in the United States. Well, there's no question but that kitting is now prohibited by the order if the kitting results in an infringing device. But it doesn't bar it if it's not an infringing device. That's correct, Your Honor. But the certification provisions, which are what allow the importation, are not keyed off of this. How does that help you? What you just said about the certification requirements? They seem to go against your argument. In what way, Your Honor? Well, any components that are still covered are not excluded. And the certification allows an importer to certify that they're familiar with the terms of exclusion order and that the importation of these particular components will not infringe. Prior to the modification, Garmin was able to certify that the transducer components were excluded, were carved out from the scope of the order. And after the modification, it was not able to do that. But that's true, but that has nothing to do with the design around. We all acknowledge the modification did something. And what it did was cut off what was imported as a standalone transducer and then after importation is kitted with the other stuff. But that has nothing to do with whether the order originally would have allowed for design arounds, and now it doesn't. It just has to do with the transducers, not that are sold to customers separately, but that are kitted upon importation, right? Right, it's certainly correct that this order doesn't, this modification has nothing to do with the design around per se. In other words, it doesn't address, it doesn't reach the design around. And you can continue to import the design around as long as you certify that it doesn't result in infringement when it's kitted. I don't think that's correct, John. Could that not be correct? I believe that certainly what has happened is that customs has not allowed the design around. Does the kitting occur before importation? Does this stuff come into like a free trade zone and there it's kitted? As far as I understand it, Your Honor, no. It would come in clear customs and then it would be kitted after that. They come in in two different plastic bags and then they're combined after you import them, right? I don't think that's, in other words, I think that they come in in separate shipments and then they're combined in a garment facility somewhere. So what were you about to say that you were complaining about certain actions being taken by customs that you're aware of? That customs has held up shipments of the design around, which it was not doing prior to the modified order. Have you certified that the design around's not infringing to them? Garment has commenced a so-called 177. No, no, no. Have you certified to customs that the design around is not infringing? I believe so. Have you sought a scope ruling on this issue? Yes, Your Honor. Garment has sought a so-called 177 ruling from customs on this, but that has not yet been issued. It hasn't been issued as a result of that? It hasn't been issued. They haven't decided it. Well, isn't this kind of not right? It seems to me you're complaining about something that you haven't fully exhausted all your other remedies before you can assert this on appeal. Well, if the 177 ruling were adverse to garment, I think there would be a separate way of seeking a reversal of that. But in this instance... You're appealing the imposition of the modification order, but yet I just don't see how you demonstrated how it affects you, other than your argument. Well, I have the sense that I'm not making much headway. So why don't we turn to the other side? Yes. Good morning, Your Honors. May it please the Court. It's clear to me the Court understands what happened in the modification proceeding. Before, or at least when the record was opened at the Commission, Garment was importing in two different ways. It was importing complete so-called kitted units, that's the head units and transducers together, and it was importing transducers in particular alone for sale after importation to its customers. The Commission found that the second, the importation of transducers, was not indirectly infringing. So it limited its order to the importation of the kitted items. However, at some point, either during or after the Commission issued its order, although the Commission was never informed of this, Garment began importing the head units and transducers separately and then combining them for sale after importation in a possibly directly infringing device. So what happens if they certify, they import the redesigned transducers? They certify that when combined with the head unit, that this is not infringing. Are they entitled to import that? Not quite as simple as that. The Commission explained even in its original violation opinion, and that is at page 847, that mere certification that the product is not infringing is enough. You have to have some sort of ruling on that. It's not enough unless you can say you've had a 177 proceeding, or you've got customs, or you've come to the Commission for an advisory opinion, and if you rule in your favor, then yes, you can certify to customs that... So what this does is essentially shift the burden to them now in the kitting situation to secure a ruling that the redesign is not infringing. So, Your Honor, this is no different than any other... No, no, no, no. Is that true? Answer my question. Yes, Your Honor. But that's the same as any other exclusion order. But it's a change. So the exclusion order before the modification allowed them to import these separately packaged transducers even though they were going to be kitted later. And now, even though they say they're redesigned and not infringing, they're not allowed to import them unless they come up with a ruling that they're not infringing. Is that correct? Not quite, Your Honor. That's two different issues. The first issue is whether or not Garmin was allowed to import components for kitting. The answer to that is no. Garmin was not allowed. The problem was the No, I understand that. And nobody seems to be much objecting to that. The question is about the redesigned transducers. And apparently, this works on change as to whether those can be imported without securing the ruling in the scope proceeding or whatever. No, Your Honor. Even under the original order, if the order had been interpreted correctly to bar not only the directly infringing devices but components thereof, which is basically what the clarification made clear, Garmin still would have had to, before certifying that any redesigned product, and this is true for any party subject to an exclusion order, must seek some sort of adjudication before it can certify. It can't merely go to customs and say, this product is not infringing. We believe it now. It doesn't infringe, so you can bring it in. There are procedures in place. 177 ruling before importation. Customs protest if customs stops the product. But why wouldn't the order itself suffice as legal authority? As far as redesign is concerned? Right. As far as redesign is concerned. The only thing that affected the importation is a modified order. So why couldn't Garmin just certify, pursuant to the order of the ITC on so and so date, blah, blah, blah, I hereby certify that this stand-alone transducer is non-infringing? Well, I think the stand-alone transducer, that's correct. As far as a stand-alone transducer, which is imported for sale to customers directly. But it does not, the order does not, or does bar importation of components that, or infringing components. In this case, separate shipments, bring them in, and then put them back together. So then what does it have to do? Does it have to certify to the customs official that the purpose of importing this transducer stand-alone is for sale to another customer and not for kidding? Exactly, Your Honor. And that is exactly what the certification provision in the modified order makes clear. And it only helps Garmin. Garmin can, in that case, say we are importing transducers for individuals. But the order doesn't say that. The modified order? No, it doesn't say you can't. But you have to ensure that the sale subsequent to importation cannot be used in a kit. I mean, that would prevent all assembly. That would prevent the use of a transducer. I'm sorry, I'm not sure I understand Your Honor's question, but the certification provision says that the product, in this case the transducer, is intended for sale or use other than in the infringing device. Meaning that if they are importing the transducer just to sell as a component by itself, that's fine. And that was the carve-out that was in the original order, and it's preserved in the modified order. And the modified order only applies to kitting by Garmin. Correct, Your Honor. Correct, exactly. Garmin was found to be directly infringing, but was not found to be indirect infringing. So the new thing is, by contrast, the order does apply to components like the transducer when the components are or will be imported or sold after importation as part of the system. Right, by Garmin, when Garmin itself combines. It doesn't say by Garmin. Well, this is a limited exclusion order, Your Honor, and limited exclusion orders are directed to a specific party, in this case Garmin and its various entities that are named. So when the products are imported, and I believe this is explained more clearly in the Commission's opinion, but when the components are imported and assembled by Garmin for sale by Garmin, that is a directly infringing device. Even though Garmin knows that this assembly that they're engaging in is going to result in a non-infringing device or a non-infringing product? Well, again, that question is answered by the normal process. When any product is imported that is subject to an exclusion order, there is a procedure. Customs will look at the product infringes, and the order specifically says that articles covered by the claims that are listed are to be kept out. Whether or not any article that is imported is covered by the claims is usually dealt with in the first instance by Customs. Has Customs made a determination here that the redesigns are infringing? No, I do not believe so, and I believe my question is, is there a modified order? Again, I'm not aware of that. I believe no. We are notified when there are seizures, and I do not believe there has been one in this case, but don't quote me on that. I'm not completely aware of that. But at any rate, that is the normal procedure, and that is true for any Commission order. The question of whether or not a product is covered is a separate order. Let's assume that, because I'm a non-transducer, wouldn't that be enough to say that I'm injured, this modified order is affecting me, I'm certifying that these are all used for non-infringing purposes? No, Your Honor. If Customs stops a shipment, an importer can file a protest, and if the protest is denied with Customs, if the protest is denied, they have recourse and appeal to the CIT, and ultimately to this court. So there are procedures in place to determine whether or not shipments come in, and the Commission has stated that you cannot simply just bring a piece of paper and say, I don't infringe. It may be that proving non-infringement is simple, but there are avenues to do so. But there are two potential defenses here. One is that we've redesigned, and this is a non-infringer transducer. The other is that we're going to be selling this transducer as a standalone to our customers, and not kitting it. So they could say either one of those. The former and the newer one that's allowed in the modification, the change would be that it would require that they have to establish that the standalone transducer is not going to be kitted afterwards. So that's the change. Well, it's not a change. That was always the case. But with respect to whether or not redesigned or designed products get in, you're telling us that it's always been the same deal? Yes, that's always been the case. Commission orders cover infringing products. The court said that in Hyundai Electronics, the Commission has always abide by that. I'm confused. So they try to bring in the redesigned, let's make it simple, so a combined device, and customs says you can't bring this in because it's infringing. They can file a protest. Then who bears the burden of showing that their redesigned device is infringing? If there is a customs protest, the importer bears the burden, because that is, I believe, an ex parte process. The patent owner is not involved. So the importer would have to show that it's non-infringing. Correct. So what is the basis for shifting the burden to the importer to have to show that its product is non-infringing, as opposed to the burden on customs or the ITC to show that it is infringing? So correct, Your Honor, and this court explained that in Hyundai Electronics. The court said that Commission exclusion orders appropriately place the risk of unfairness associated with the order upon potential importers rather than American manufacturers. And the court further recognized that Commission remedial orders therefore extend not only to products adjudicated to infringe, but also to unadjudicated products later presented. And therefore, once a finding of violation has been made and a party wishes to But did Hyundai address the burden of proof question? Not explicitly, but it did say that, well, it did, yes, it did say the risk of unfairness is on the importer. So I believe, yes, it did. Saying that when a product is subject to, possibly subject to exclusion order and seeks to be imported, the And that was this court's holding in Hyundai Electronics. Hopefully your colleague won't mind curtailing his argument. Why don't we decrease the number to four just to try to keep the other side even. May it please the court. I do want to make clear that the original limited exclusion order issued at the end of 2015 at that time placed the burden on Garmin as the importer to seek approval of any redesigns. That original order did that. And that's the way it's been. That's the way commission practice has worked since at least 1981 in the sealed air case. Also more recently reiterated in the Hyundai case where this court has said what we could do is the ITC could allow the shipments and require the complainant to file another complaint. And the commission has chosen to put the burden on the importer to seek approval of redesigns. Is this longstanding practice? Yes, ma'am. That's the way it's been. And Garmin in its briefs makes clear in its reply brief that it's not challenging the commission's general practice in this regard. That was the way it was when the limited exclusion order came out. And it's still the way it is. Yeah, but is there a difference between a general exclusion order and a limited exclusion order? Because Hyundai is talking about general exclusion order. Not in this respect, Your Honor. Not on the issue of who bears the burden of getting approval as to a redesign. The sealed air case makes clear from 1981. Well, under general exclusion order, no one can get approval, right? The product is just stopped at the border. For a general exclusion order, it's general. It's not specific to the particular entity. That's right, Your Honor. But the point is, in a limited exclusion order, for sure, the burden is on the importer. And the commission, this isn't just commission practice. The commission said so in their commission opinion. The commission may have said so. The question is whether that's right. First, it is right. The sealed air case says so. The Hyundai case says so in the context of a general exclusion order. Sealed air is not limited to general exclusion orders. And moreover, Garmin is not challenging the general practice that this is how the commission operates. The issue Garmin is raising is whether the modified order somehow affected a change that resulted in excluding from entry the tilted redesign. The modified order had nothing to do with the tilted redesign. It had to do... Well, it did mark a change. They did it for a reason. And the reason was, before that, at least it was unclear as to whether, not the redesigned stuff, but the standalone transducer, even if it were kitted after importation, would be subject to the exclusion. And that's why they needed the modification to clarify that, right? We needed the modification to clarify that because what Garmin did was they stopped importing complete kits that had the transducers in the box. They said, what we'll do is we'll pretend that all these transducers are standalone products for individual retail sale. And then we'll tell customs they're all that. And then once they get past customs and get in the United States... Well, I think your characterization may be a bit unfair because if they were going to represent... They were doing it because it wasn't precluded. They were assuming that the order did not cover that because the order did not explicitly cover it. Paragraph one of the original exclusion order said infringing products are covered and components thereof, meaning components of those infringing products. When you know you have a component being imported as part of an infringing product, paragraph one plainly said that. They talked with customs and got customs to not believe that. And we went to the commission and said, this is a loophole that Garmin is exploiting and it needs to be closed. If they're importing transducers to be kitted, that's a component of an infringing product. Banned under paragraph one. But only if it's infringing. The exclusion order only excludes things that are infringing. How can you say that the burden shifts to the importer to say that it's not infringing? The question is whether the order covers it. And it doesn't cover it if it's not infringing. The order covers all infringing devices, as your Honor said. The burden of having it be non-infringing has sealed air states, Hyundai states, and Garmin's not even challenging. That burden is on the importer. And here, they have gone to customs. They have filed a rule 177 request asking for it to be ruled to be non-infringing. That is the process that is supposed to happen. That's what's going on. Why then does ITC not include in these orders that an importer that's seeking to show that a particular product is non-infringing must receive a ruling, a customs ruling, before they can do that? All it says is that they just need to certify that it's going to be used for a non-infringing purpose. That's inaccurate, your Honor. The Commission opinion made clear on 847 to 848 of the Joint Appendix that the burden, in accordance with longstanding practice, the burden is on Garmin. Garmin can go to customs and file a rule 177. I know that, but under a limited exclusion order, and the general order was modified, all Garmin has to do is certify that the importation is going to be used for non-infringing purposes. That's not correct, your Honor. Customs does not allow an importer to certify non-infringement. They have to seek a ruling of non-infringement through the 177 process or going back to the Commission and seeking an advisory action. The order doesn't say that. The Commission opinion says it, plus it's well entrenched in the case law and recommended and supported by this court. Clearly here, I need to wrap up, clearly here the Commission's actions were well within its broad discretion. This is not an abuse of discretion type of situation, and it clearly must be affirmed. I suspect the panel may have had enough of Garmin never coming to the ITC, so I will be brief. The issue really concerns the interplay between the burden shifting and the change because of the idea that even if Garmin has a product that's redesigned, it still has to take affirmative steps to go and get a ruling on that. But that's not really an issue posed in this case. Absolutely right, but the issue is why does modification matter? Why does it adversely affect Garmin? It's because of that burden shifting, the fact that it's as though the redesigned product is not considered to be redesigned, and therefore under the unmodified original order, Garmin was allowed to import these transducers and to get them. And under the modified order, it's not allowed to do that. Even under the general order, Garmin was not allowed to import stand-alone transducers that infringed. There were components thereof. As Garmin read this, it was allowed to import, although it didn't do this, but the original order would have allowed it to import stand-alone transducers. It just seems to me that it's pretty common practice in the 337 case at the ITC when it uses, even in the title, names of products and parts or components thereof. It goes on when describing the product subject to investigation. The components are included. Otherwise, the 337 case wouldn't make any sense. It would allow every importer to just simply disassemble a product, import it, and reassemble it. So components are always, as long as they're infringing, they're always included or subject to the scope of the exclusion order. But here, Your Honor, there was a carve-out for them. The transducers are not infringing. That's correct, Your Honor. It's the combined device of the head-end unit and the transducer that's infringing. And just to clarify one thing, I'm advised that at least two shipments of the redesigned transducers have been held up by customs. I don't believe that's in the record because it's a relatively recent development, but it was a question to that effect. Thank you. We thank all sides. The case is submitted and that concludes our proceedings for this morning.